In re Edward MEDEIROS, Debtor.

FLEET NATIONAL BANK, Plaintiff,

v.

Matthew McGOWAN, Trustee, Edward G. Medeiros, Elisa S. Medeiros and GMAC Mortgage Corp. of Pa., Defendants.

Bankruptcy No. 92–10102.
Adv. No. 91–1013.

United States Bankruptcy Court, D. Rhode Island.

Sept. 15, 1992.

Timothy J. Dodd, Providence, R.I., for debtor.

James A. Donnelly, Fall River, Mass., for Elisa Medeiros.

Robert D. Wieck, Providence, R.I., for Fleet Nat. Bank.

James P. Marusak, Providence, R.I., for GMAC Mortg. Co. of Pennsylvania.

Matthew J. McGowan, Providence, R.I., Chapter 7 Trustee.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the Plaintiff, Fleet National Bank's ("Fleet") Motion for Summary Judgment in the above entitled matter (the "Motion"). Defendant GMAC Mortgage Corp. of Pennsylvania ("GMAC"), joins in Fleet's Motion and requests similar relief on its behalf. Defendants Edward and Elisa Medeiros have separately filed Objections to the Motion, and have each submitted Memoranda of Law in support thereof.

Upon review of the Motion, Objections, Memoranda of Law, Affidavits, supporting documents, and applicable law, we rule that on the uncontroverted facts,[1] Fleet has established as a matter of law that its August 21, 1990 mortgage and the July 12, 1990 mortgage of GMAC are superior to the alleged interest of Edward Medeiros under his Homestead Declaration. This ruling is based squarely upon the application of what we believe to be the controlling state law on this issue, the 1980 decision of the Massachusetts Supreme Judicial Court in *Atlantic Sav. Bank v. Metro.*

*Bank & Trust Co.*, 9 Mass.App. 286, 400 N.E.2d 1290 (1980).

In *Atlantic Sav. Bank*, 400 N.E.2d 1290, the Massachusetts Appeals Court held that the execution of a mortgage deed with standard covenants released a previously recorded homestead estate as to the mortgagee, even where no specific release language was included in the mortgage deed. Thus, Mr. Medeiros' argument with the manner in which the subordination language was inserted in the mortgages of Fleet and GMAC is not material here, since in Massachusetts the release of his homestead interest is not dependent on subordination language. Accordingly, Edward Medeiros' interest in the Seekonk property is held to be subordinate to the interests of GMAC and Fleet, and Fleet's Motion for Summary Judgment is GRANTED, as to him.

With respect to Mrs. Medeiros however, this Court is not in a position to render a dispositive ruling today. While we agree with Mrs. Medeiros that if the issue of equitable subordination is before us for determination, there exist numerous genuine issues of material fact, making the granting of summary judgment inappropriate. However, if the legal issues of merger and/or the Massachusetts law of homestead are decided in favor of Fleet and GMAC, and adverse to Mrs. Medeiros, we will not be required to deal with the equitable subordination issue. Since Mrs. Medeiros did not address these (possibly) dispositive legal issues in her brief to the Court, she is instructed to do so within twenty days of this Order. Fleet and GMAC will have five days thereafter to respond, if they wish.

Enter Judgment consistent with this opinion.

---

1. Neither Mr. nor Mrs. Medeiros have contested Fleet's recitation of the various conveyances affecting the Seekonk property and, upon review of the documents evidencing these transactions, we consider these facts to be undisputed.